**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

MIAMI COWORKING, LLC,
a Florida limited liability company,

        Plaintiff,

   vs.

WYNWOOD LAB, LLC,
a Florida limited liability company,

        Defendant.
_____/

<u>**COMPLAINT**</u>

Plaintiff, Miami Coworking, LLC ("Plaintiff") hereby complains against Defendant, Wynwood Lab, LLC ("Defendant") and alleges as follows:

<u>**JURISDICTION AND VENUE**</u>

1.  This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. §1051, <u>et seq</u>. ("Lanham Act"), particularly 15 U.S.C. 1125(a), for trademark infringement, false designation of origin, false description or representation, and related unfair competition. Plaintiff also asserts claims in accordance with common law rights, <u>Fla. Stat</u>. §495.161, for trademark infringement and unfair competition.

2.  This Court has jurisdiction over this action pursuant to

28 U.S.C. §§1331, 1338(a) and 1338(b).

    3.   Upon information and belief, jurisdiction is proper in that:

       a.   Defendant has operated, conducted, engaged in, or carried on a business venture in this State, and the Southern District of Florida, from which this action arises, within the meaning of Fla. Stat. §48.193(1)(a);

       b.   Defendant has committed tortious acts within this State, and the Southern District of Florida, including the infringement set forth herein, within the meaning of Fla. Stat. §48.193(1)(b); and/or

       c.   Defendant has engaged in substantial and not isolated activity within this state, and the Southern District of Florida, within the meaning of Fla. Stat. §48.193(f).

    4.   Venue is proper under 28 U.S.C. §1391(b) in that, upon information and belief, a substantial part of the events or omissions giving rise to the claim, including the "passing off" of the infringing services, occurred in the Southern District of Florida. Venue is also proper under 28 U.S.C. §1391(b) because, upon information and belief, a substantial part of property that is the subject of the action is situated in the Southern District of Florida.

## THE PARTIES

5.   Plaintiff is a limited liability company duly organized and existing under the laws of Florida, with its principal place of business at 400 N.W. 26th Street, Miami, Florida 33127.

6.   Upon information and belief, Defendant is a limited liability company organized and existing under the laws of Florida, with its principal place of business at 120 N.W. 25th Street, Unit 305, Miami, Florida 33127.

## PLAINTIFF'S "THE LAB" TRADEMARKS

7.   Plaintiff owns and operates a versatile and creative co-working office space, collaborative space and event venue called "THE LAB" and "THE LAB MIAMI" located in the heart of the vibrant Wynwood Arts District in Miami, Florida, which has evolved to be the epicenter for entrepreneurship and technology in Miami.

8.   Plaintiff's creative co-working office space, collaborative space and event venue is a 10,000-square foot warehouse that was converted into an inspiring space for entrepreneurs across a variety of industries and is currently home to approximately 80 organizations and 150 members.

9.   Plaintiff offers its event venue for others to host a wide range of events and offers four (4) different venue spaces depending on the nature and size of the event.

3

10.   Since long prior to the acts of Defendant complained of herein, Plaintiff adopted and used the inherently distinctive designation and trademarks "THE LAB" and "THE LAB MIAMI" for use in connection with its creative co-working office space, collaborative space and event venue and related services (Plaintiff's "LAB" Marks). "LAB" initially stood for "Love, Art & Business" and is also an acronym for Plaintiff's mission: "Learn, Act, Build".

11.   Since their adoption, Plaintiff has continuously used its "LAB" Marks in interstate commerce for and in connection with such services and has not abandoned these marks.

12.  Plaintiff is the owner of federal trademark applications, U.S Serial Nos. 87/142,238 and 87/146,905 for "THE LAB MIAMI", "THE LAB MIAMI & Design", respectively, for use in connection with "leasing and rental of office space, namely, providing co-working facilities equipped with private offices, office equipment, mailroom, printing center, receptionist, kitchen, meeting rooms, telecommunications equipment and other office amenities, not including commercial or residential real estate acquisition, disposition, development or sale of real estate" in International Class 036; and U.S. Serial No. 87/091,865 for use in connection with "business development services, namely,

providing start-up support for "businesses of others; Providing co-working facilities equipped with office equipment" in International Class 035. See Composite Exhibit A.

13. Plaintiff is also the owner of federal trademark application, U.S Serial No. 87/212,297 for "THE LAB" for use in connection with "leasing and rental of office space, namely, providing co-working facilities equipped with private offices, office equipment, mailroom, printing center, receptionist, kitchen, meeting rooms, event space, telecommunications equipment and other office amenities, not including commercial or residential real estate acquisition, disposition, development or sale of real estate." See Exhibit B.

14. Since long prior to the acts of Defendant complained of herein, Plaintiff has expended much money, time, and effort in advertising, promoting, and marketing the creative co-working office space, collaborative space and event venue and related services offered under the "LAB" Marks, including on its Internet website www.thelabmiami.com and various social media sites such as Facebook at www.facebook.com/LABMiami and Twitter at www.twitter.com/thelabmiami.

15. Since long prior to the acts of Defendant complained of herein, Plaintiff's "LAB" Marks have been readily recognizable by

the public as associated exclusively with Plaintiff and have achieved a secondary meaning to the consuming public.

16.  The Plaintiff's "LAB" Marks have been in continuous use in U.S. commerce since its adoption and first use in U.S. commerce.

## DEFENDANT'S INFRINGING ACTIVITY

17.  Defendant is a competing 7,800 square-foot collaboration space, gallery, and event venue also located in the Wynwood Arts District in Miami, Florida, 0.3 miles from Plaintiff's creative co-working office space, collaborative space and event venue offered under Plaintiff's "LAB" Marks.

18.  Long subsequent to Plaintiff's adoption and use of the "LAB" Marks in commerce, Defendant, upon information and belief, began offering competing services using the name and mark "WYNWOOD LAB" (the "Infringing Mark").

19.  Long subsequent to the first use and consumer recognition of Plaintiff's "LAB" Marks, and upon information and belief, with full knowledge of same, and appurtenant rights, Defendant also engaged in a marketing campaign on the Internet, including a website with the www.wynwoodlab.com domain name and social media pages at www.facebook.com/Wynwoodlab and www.twitter.com/Wynwoodlab, utilizing the distinctive "LAB" portion of Plaintiff's "LAB" Marks, all with intent to deceive and

confuse consumers and divert sales from Plaintiff.

20.   Defendant's use of the Infringing Mark has caused Plaintiff harm, particularly given the close geographic proximity (0.3 miles) between the parties' competing venues in the Wynwood Arts District in Miami, Florida.

21.   Upon information and belief, Defendant has enjoyed and continues to enjoy financial gain and profit from the sale and marketing of the services that utilize the Infringing Mark.

22.   Defendant was well aware and, since long prior to the acts of Defendant complained of herein, has been well aware of Plaintiff's use and ownership of Plaintiff's "LAB" Marks.

23.   Defendant has been well aware that Plaintiff's "LAB" Marks are widely recognized and relied upon by the public and the trade as identifying Plaintiff, its venue and services.

24.   Notwithstanding that knowledge, and indeed by reason of such knowledge, Defendant thereafter engaged in, and it is believed will continue to engage in, a deliberate and willful scheme to trade upon and to misappropriate for itself the goodwill represented and symbolized by the Plaintiff's "LAB" Marks through the marketing and offering of competing services bearing the Infringing Mark in U.S. commerce and by marketing and adverting such services on the Internet.

25.  On or about July 11, 2016 and October 7, 2016, Plaintiff sent Defendant letters via certified mail providing Defendant with an opportunity to cease and desist using the Infringing Mark in an effort to amicably resolve the dispute and to avoid the inevitable consumer confusion resulting from Defendant's use of the Infringing Mark. However, Defendant has refused to cease and desist using the Infringing Mark and Plaintiff, therefore, had no alternative but to file the present action to enforce its trademark rights and prevent consumer confusion in the marketplace.

26.  On July 22, 2016, a few days after receipt of Plaintiff's July 11, 2016 cease and desist letter, and despite Defendant's knowledge of Plaintiff's prior rights to the "LAB" Marks, Defendant filed a federal trademark application to register "WYNWOOD LAB & Design", U.S. Serial No. 87/112,500 for use in connection with "social club services and clubs, namely, arranging, organizing, and hosting luxury social events, get togethers, concerts, and parties for club members focusing on educational talks, art showings, cooking classes, private dinners, entertainment, concerts, shows, fashion shows, broadway, art, music, cultural; all for, namely, artists, interior designers, event planners, architects, artists, art collectors, purveyors, professionals of all types" in International Class 041 with a claimed date of first

use in commerce of May 1, 2015.  See Exhibit C. Defendant's claimed date of first use in commerce of May 1, 2015 is over three (3) years after Plaintiff's first use in commerce of its "LAB" Marks and therefore, Plaintiff has priority.

27.  The acts of Defendant complained of herein constitute willful and intentional infringement, are in total disregard of Plaintiff's rights, and were commenced and it is believed will continue in spite of Defendant's knowledge that its use of the Infringing Mark is in direct contravention of Plaintiff's rights.

28.  Defendant's aforesaid use of the Infringing Mark is designed and is calculated to and is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the origin or sponsorship of Defendant's services and to cause them to falsely believe that said services are the services of Plaintiff, or are sponsored, licensed, authorized by, or approved by Plaintiff, all to the detriment of Plaintiff and the public.

29.  Indeed, Defendant's aforesaid use of the Infringing Mark has led to several instances of actual consumer confusion.

30.  The use by Defendant of the Infringing Mark is without the consent, license, or permission of Plaintiff.

31.  Plaintiff has been damaged by Defendant's acts of

infringement.

32.  Defendants' aforesaid acts have caused and will continue to cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

33.  Plaintiff has no adequate remedy at law.

**COUNT I**
**FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION**
**AND FALSE DESIGNATION OF ORIGIN AS TO MARKS, 15 U.S.C. §1125(a)**

34.  Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 33 as if fully set forth herein.

35.  Defendant's intentional and unlawful use in commerce of the Infringing Mark constitutes use in commerce of a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description, and false representation that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant with Plaintiff, or as to origin, sponsorship or approval of Defendant's services or commercial activities by Plaintiff, or to cause reverse confusion thereof.

36.  Defendant's aforesaid acts and use of the Infringing Mark constitute unfair competition and false designation and/or false description of origin in violation of §43(a)(1)(A) of the

10

Lanham Act, 15 U.S.C. §1125(a)(1)(A).

37.   Defendant's aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

38.   Plaintiff has no adequate remedy at law.

### COUNT II – UNFAIR COMPETITION/<br>COMMON LAW TRADEMARK INFRINGEMENT

39.   Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 33, as if fully set forth herein.

40.   Defendant's aforesaid acts constitute infringement, misappropriation, unfair competition, trademark infringement, palming-off, passing-off and/or reverse-passing off, against Plaintiff and unjust enrichment of Defendant, all in violation of Plaintiff's rights at common law and under the law of the State of Florida in accordance with Fla. Stat. §495.161.

41.   Defendant's acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff and create the impression that Plaintiff is an infringer when in fact Defendant is the infringer.

42.   Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless

said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

43.   Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays:

A.   That this Court will adjudge that the Plaintiff's "LAB" Marks have been infringed as a direct and proximate result of the willful acts of Defendant as set forth in this Complaint, including Defendant's use of the Infringing Mark in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1051 et seq.

B.   That this Court will adjudge that Defendant has competed unfairly with Plaintiff in violation of Plaintiff's rights at common law and in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

C.   That Defendant, and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be permanently enjoined and restrained:

1)   From using the Plaintiff's "LAB" Marks, the Infringing Mark, or any reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademarks similar

thereto or likely to be confused therewith, in connection with the distribution, marketing, advertising or sale of any unauthorized goods or services;

2)     From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the unauthorized services of Defendant, or of any third parties, are sponsored by, authorized by, or in any way associated with Plaintiff and/or that the services of Plaintiff are inferior to, copies of, infringing of or imitations of the services of Defendant, or that Defendant's services are the first or original such services;

3)     From infringing the Plaintiff's "LAB" Marks;

4)     From doing any other act or thing likely to cause the public or the trade to believe that there is any connection between Defendant and Plaintiff, or their respective services;

5)     From falsely representing itself or its affiliates as being connected with Plaintiff, or sponsored by or associated with Plaintiff, or engaging in any act which is likely to falsely cause the trade and/or members of the purchasing public to believe that Defendant or its affiliates

are associated with Plaintiff and/or that Plaintiff is associated with Defendant;

D.  That Defendant be required to recall and deliver up for destruction all goods, labels, signs, prints, packages, wrappers, inventory, advertisements, internet advertising and other written or printed material in the possession or control of Defendant, or third party advertisers of Defendant's services which bear claims found by this Court to be false and/or misleading in violation of 15 U.S.C. §1125(a)(1)(B).

E.  That Defendant expressly abandon U.S. Serial No. 87/112,500 for "WYNWOOD LAB & Design" with the United States Patent and Trademark Office.

F.  That Plaintiff recover Defendant's profits and the damages of Plaintiff arising from Defendant's acts of trademark infringement and unfair competition, and that the Court, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, enter judgment, and that said sums be trebled as authorized pursuant to 15 U.S.C. §1117(b).

G.  That Plaintiff recover such sums as are necessary to place or compensate for corrective advertising.

H.  That Plaintiff have and recover both pre-judgment and post-judgment interest on each and every damage award.

14

I.   That Plaintiff be entitled to injunctive relief as set forth in §34 of the Lanham Act, and that Plaintiff have and recover the remedies set forth in §§35(a) and 36 of the Lanham Act, 15 USC §§1117(a) and 1118.

J.   That Plaintiff have and recover its reasonable attorney's fees incurred in this action, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117 and as otherwise authorized.

K.   That Plaintiff have and recover its taxable costs and disbursements herein, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and as otherwise authorized.

L.   That Plaintiff have and recover such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues triable of right by a jury.


Dated: November 30, 2016

                              Respectfully submitted,

                              s/Meredith Frank Mendez
                              John Cyril Malloy, III
                              Florida Bar No. 964,220
                              jcmalloy@malloylaw.com
                              Meredith Frank Mendez
                              Florida Bar No. 502,235

mmendez@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida  33129
Telephone (305) 858-8000
Facsimile (305) 858-0008

*Attorneys for Plaintiff,*
*Miami CoWorking, LLC*